UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHAWNA J. ROBINSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 08-CV-0445-CVE-PJC |
| | ) |
| ALL ABOUT CHANGES, INC. and | ) |
| EDWARD BLOCKER, in his official and | ) |
| individual capacities, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Now before the Court is Plaintiff's Motion for Contempt against Defendant All About Changes, Inc. (Dkt. # 44). Plaintiff asks the Court to hold defendant All About Changes, Inc. (All About Changes) in contempt for violating the second amended scheduling order (Dkt. # 28) and the March 23, 2009 minute order (Dkt. # 39) directing All About Changes to obtain substitute counsel. Defendant has not responded to plaintiff's motion.[1]

On August 5, 2008, plaintiff filed this case alleging a claim of sexual harassment under Title VII of the Civil Rights Act of 1964 ("Title VII") and various state law claims against defendants. Dkt. # 2. The Court entered a scheduling order setting, inter alia, a jury trial for May 18, 2009. Dkt. # 16. Plaintiff requested a new trial date because plaintiff's counsel had another case set for trial on the same date (Dkt. # 18), and the Court entered an amended scheduling order resetting the trial date for July 20, 2009, but leaving all other deadlines as previously set. Dkt. # 19. The parties

---

[1] As will be discussed, this case has been automatically stayed based on the notice of bankruptcy (Dkt. # 42) filed by All About Changes.

subsequently requested a 60 day extension of all deadlines in the amended scheduling order, and the Court entered a second amended scheduling order (Dkt. # 28) granting the parties' request.

Counsel for defendants, Keith Wilkes and Rachel Crawford, requested leave to withdraw as counsel because defendants were unable to make payment arrangements for their continued representation and defendant Edward Blocker informed defense counsel that he would be filing for bankruptcy within 30 days. Dkt. # 31, at 1-2. The Court granted defense counsel's motion to withdraw, but the withdrawal was "**effective upon** the entry of appearance of substitute counsel, or upon the filing of a statement by defendant Edward Blocker, to the effect that he wishes to represent himself in this matter." Dkt. # 34, at 1 (emphasis in original). All About Changes was advised that it could not appear pro se and was required to find substitute counsel. Id. at 2. On March 23, 2009, Blocker filed a notice stating that he intended to proceed pro se, but he did not attempt to enter an appearance for All About Changes. Dkt. # 38. The Court reminded All About Changes that a corporate party cannot appear pro se, and directed All About Changes "*to have new counsel enter an appearance immediately*." Dkt. # 39 (emphasis in original).

On June 19, 2009, plaintiff filed her pretrial disclosures. Three days later, All About Changes filed an advice of bankruptcy (Dkt. # 42) and attached a copy of the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines filed in the United States Bankruptcy Court for the Northern District of Oklahoma. The notice sent to creditors describes the debtor as "Cuyler Edward Blocker aka Edward Blocker, dba All About Changes, Inc. dba Changes, LLC." Dkt. # 42, Ex. 1. The advice of bankruptcy (Dkt. # 42) was filed by Wilkes in his capacity as counsel for All About Changes, because substitute counsel had not entered an appearance for All About Changes and Wilkes' withdrawal from his representation of All About Changes had not taken effect. Based

on the advice of bankruptcy, the Court determined that the case was automatically stayed under 11 U.S.C. § 362. The Court informed the parties that "unless and until the Court receives notice from counsel for the debtors that the bankruptcy has been closed or dismissed, that the debtors have been discharged, or that the stay has been lifted, this matter is **stayed**." Dkt. # 43 (emphasis in original). The Court also struck all pending deadlines in the second amended scheduling order.

Federal district courts have jurisdiction, even after a case is closed, to enforce their orders and judgments and, in appropriate circumstances, a court may issue a contempt citation for a party's failure to comply with a court order. Peacock v. Thomas, 516 U.S. 349 (1996). The contempt at issue in this case is civil in nature, because the contempt sanction sought by plaintiff "is remedial, and for the benefit of the [plaintiff]." Int'l Union, United Mine Workers of America v. Bagwell, 512 U.S. 821, 827 (1994) (quoting Gompers v. Bucks Stove & Range Co., 221 U.S. 418, 441 (1911)). Civil contempt sanctions "are designed to compel future compliance with a court order, are considered to be coercive and avoidable through obedience, and thus may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard." Id. at 827.

A district court has broad discretion when determining whether a party's violation of a court order justifies the use of a court's contempt power. United Int'l Holdings, Inc. v. The Wharf (Holdings) Ltd., 210 F.3d 1207 (10th Cir. 2000). District courts have the authority to impose civil contempt sanctions in two circumstances: "(1) to compel or coerce obedience to a court order . . . and (2) to compensate the contemnor's adversary for injuries resulting from the contemnor's noncompliance [with a court order]." O'Connor v. Midwest Pipe Fabrications, Inc., 972 F.2d 1204, 1211 (10th Cir. 1992). In order to prevail on a motion for civil contempt, the moving party must prove by clear and convincing evidence that the opposing party violated a court order. FTC v.

Kuykendall, 371 F.3d 745 (10th Cir. 2004); Reliance Ins. Co. v. Mast Constr. Co., 159 F.3d 1311, 1315 (10th Cir. 1998). Any ambiguities in the order that the moving party alleges has been violated should be construed in favor of the person charged with violating the order, and a party may avoid a civil contempt sanction by showing that it "complied with a reasonable interpretation of the [order] and if the [party's] actions appears to be based on a good faith and reasonable interpretation of the order." Braintree Laboratories, Inc. v. Nephro-Tech, Inc., 99 F. Supp. 2d 1300, 1303 (D. Kan. 2000).

Plaintiff asserts that All About Changes misrepresented the identities of the parties to the bankruptcy proceedings and violated the Court's scheduling order, and asks the Court to enter default judgment against All About Changes. She states that "[u]pon information and belief, **All About Changes has not filed for bankruptcy protection.**" Dkt. # 46, at 2. She further claims that All About Changes has not obtained new counsel and is not currently complying with any deadlines in the second amended scheduling order, and these actions justify use of the Court's contempt power to penalize All About Changes for its disregard of the Court's orders.

The Court cannot grant the relief plaintiff seeks. This case has been stayed pursuant to 11 U.S.C. § 362. Under § 362, the filing of a voluntary petition for bankruptcy "operates as a stay . . . of . . . the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement" of the bankruptcy proceedings. The advice of bankruptcy submitted to the Court identifies the debtor as "Cuyler Edward Blocker aka Edward Blocker, dba All About Changes, Inc. dba Changes, LLC," and it appears that both defendants may be parties to the bankruptcy proceedings. Dkt. # 42, Ex. 1. Plaintiff's remedy is to request relief from the

automatic stay or clarification of the scope of the automatic stay from the bankruptcy court, rather than a contempt order from this Court. Plaintiff claims that All About Changes has misrepresented the identity of the parties to the bankruptcy proceeding to this Court because, "upon information and belief," plaintiff believes that All About Changes has not filed for bankruptcy. Dkt. # 46, at 2. However, All About Changes has not made a misrepresentation to the Court, but has simply notified the Court of the pending bankruptcy proceedings and submitted a copy of the notice to creditors identifying the debtor. See Dkt. # 42. The Court determined that the entire case should be automatically stayed because it appeared that both defendants may be parties to the bankruptcy. The Court has reviewed the notice of bankruptcy filed by All About Changes, and finds that the case was properly stayed. If plaintiff believes that it is unclear whether All About Changes has filed for bankruptcy, plaintiff must ask the bankruptcy court for clarification of this issue. Because the case is automatically stayed, All About Changes has not violated the second amended scheduling order by missing any deadlines after the automatic stay took effect. In any event, the case is automatically stayed under § 362 and the Court may not enter a default judgment or take any action against either defendant until the automatic stay is lifted.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Contempt against Defendant All About Changes, Inc. (Dkt. # 44) is **denied**.

**DATED** this 27th day of August, 2009.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT